## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) Case No. 19-23873-CMB |
| Advanced Realtors, LLC, | ) |
| | ) **Chapter** 7 |
| **Debtor,** | ) |
| | ) |
| Handlovitch Enterprises, LLC, | ) |
| | ) |
| **Movant,** | ) Hearing Date: |
| | ) Document No. 14 |
| U.S. Trustee, and | ) |
| Advanced Realtors, LLC | ) Response Date: |
| | ) |
| **Respondents.** | |

### EMERGENCY MOTION TO DISMISS BANKRUPTCY PETITION OR IN THE ALTERNATIVE, TO RETAIN AND EMPLOY APPOINTED <u>RECEIVER TO COMPLETE BANKRUPTCY PETITION FOR DEBTOR.</u>

AND NOW comes, Movant Handlovitch Enterprises, LLC ("Movant") by and through its undersigned counsel and files the within Motion to Dismiss Bankruptcy Petition or in the Alternative, to Retain and Employ Appointed Receiver to Complete Bankruptcy Petition for Debtor, averring as follows:

1. Movant is the minority member of Debtor Advanced Realtors, LLC ("Debtor").

2. On May 23, 2019, Debtor/Respondent Advanced Realtors, LLC and majority member, Esmark Realty, LLC ("Esmark") filed suit at Allegheny County Court of Common Pleas Docket No.: GD-19-07667 ("State Court Action") against Movant, its broker of record, Mark Handlovitch and its former bookkeeper Sharpp Data Management, LLC and Sharpp Data Management's owner Patricia Handlovitch.  Debtor and Esmark alleged a variety of claims related to usurping a corporate opportunity and the finances of Debtor.

3. In response to the complaint in the State Court Action, defendants in that litigation, including Movant, filed Preliminary Objections to dismiss the Complaint. Debtor and Esmark filed

an Amended Complaint with few substantive changes. Defendants, including Movant, filed preliminary objections to the Amended Complaint, again asking for the dismissal of the claims. Those objections remain pending before the State Court and have not been responded to by Debtor or Esmark.

4. During the course of the State Court Action, the parties met to attempt a resolution without success.

5. Following settlement discussions, Esmark called a special board meeting which was held on August 12, 2019 at which there was a unanimous vote by the board to dissolve Debtor. At that time, Esmark was to propose an orderly winding down and dissolution process. Esmark never proposed a process.

6. Subsequently, Movant was provided notice by several creditors that bills for a variety of debts, including rent for offices occupied by Debtor, were not being paid and also learned more information about Esmark's handling of payments to vendors and customers and comingling of funds between Debtor and Esmark.

7. Additionally, during 2019, Esmark began processing payroll through Esmark and utilized an Esmark related entity to process payroll. At that time, Debtor was no longer paying employees, but rather Esmark began paying employees of Debtor, issued pay stubs to the employees of Debtor from Esmark and indicated that W-2s would be issued to employees of Debtor for 2019. This led to confusion as to who the employees were working for and if they were employed by Debtor why checks were not issued by Debtor despite who was retained to process payroll. Again, leading to concerns regarding Esmark commingling its business and Debtor.

8. On August 29, 2019, Movant and Mark Handlovitch filed a Petition for the Appointment of a Receiver in the State Court Action. A copy of the Petition for the Appointment of a Receiver is attached hereto as Exhibit A.

9. On September 10, 2019, the Honorable Christine A. Ward granted the Petition for the Appointment of a Receiver and appointed Peter Mendes as the Receiver. A copy of the September 10, 2019 Order in the State Court Litigation is attached hereto as Exhibit B ("Receiver Order").

10. The Receiver Order provided:

> 5) The managers, directors, accountants, attorneys and other agents of Advanced Realtors, LLC are hereby dismissed and the powers of any managers, directors, accountants, attorneys and other agents for Advanced Realtors, LLC are hereby suspended. Such persons shall have no authority except to the extent expressly granted by the Receiver. The Receiver shall assume and control the operation of Advanced Realtors, LLC.

Receiver Order - Exhibit B at ¶5

11. Further, the Receiver Order required that the members, managers, accountants, bookkeepers and attorneys for Debtor provide the Receiver with all books, records, statements and documents for Debtor. *See* Exhibit B at ¶7.

12. Thereafter, the Receiver attempted to reach an agreement with Movant and Esmark regarding the payment of the Receiver's fees to the extent such fund were not available within Debtor's accounts, but such discussions broke down and both Esmark and the Receiver filed motions with the Court.

13. The Receiver has consistently been unable to determine whether funds existed within Debtor to pay his fees because Esmark has repeatedly failed to provide the Receiver with financial records.

14. While Esmark provided the Receiver with access to QuickBooks records for Debtor, after some initial delay, Esmark failed or refused to provide other financial records to the Receiver which were needed to assess the financial condition of Debtor.

15. An argument on the motions was scheduled for October 4, 2019 in the State Court Action, which also included the Receiver's concerns over Esmark's failure to provide financial records for the Debtor.

16. Late in the day on October 3, 2019, without notice to Movant or the Receiver, until after the filing, Debtor filed a bankruptcy petition.

17. Upon information and belief, Esmark caused the filing of the bankruptcy for Debtor.

18. Pursuant to the Receiver Order, the Receiver was the only person or entity with the authority to act on behalf of Debtor.

19. Neither Debtor nor Esmark had authority to take any action as that authority had been given to the Receiver. *See* Exhibit B, *generally*.

20. Upon the filing of the bankruptcy, Esmark and/or Debtor shut off the Receiver's access to the QuickBooks files.

21. During this entire time period, Movant was not consulted nor advised that the bankruptcy would be filed.

22. At the hearing on October 4, 2019, the Honorable Christine A. Ward instructed the parties that she could take no action with respect to Debtor as a stay was now in place due to the bankruptcy and advised the parties to address the issues regarding the authority to file for bankruptcy and any violation of the Receiver Order in the bankruptcy court.

23. Thereafter, based upon discussions at the October 4, 2019 hearing, Debtor's counsel provided Movant with Financial Statements on October 11, 2019 which included: AR Aging

records, AP Aging records, Financial Statements including a Balance Sheet, Income Statements, Statement of Cash Flow and Statement of Changes in Members Equity, Summary of Transfers March of 2019 through September 2019, Transfer and Subsequent Payment out of Esmark Realty for August and September of 2019.

24. Upon review, Movant voiced concerns with the Financial Statements as they did not appear to be accurate based upon deposit receipts and prior financial reports provided by Esmark. As such, Movant could not determine whether bankruptcy was appropriate even if filed in violation of the Receiver Order.

25. Thereafter, on October 17, 2019, the Receiver filed a Status Report in the State Court Action identifying the issues with the Receiver taking any further action as the matter was now in bankruptcy court. A copy of the Status Report by Receiver is attached hereto as Exhibit C.

26. Within that Report, the Receiver acknowledges the violation of the Receiver Order due to the lack of authority to file the bankruptcy petition but indicates that he will take no action as he is unsure if he and his counsel will be paid for their services. *See* Exhibit C at ¶8.

27. Debtor was to complete the filings necessary for its petition on or before October 17, 2019.

28. Despite having filed the lawsuit in May of 2019 and despite preparing and distributing Financial Statements on October 11, 2019, Debtor moved for an enlargement of time because Debtor claimed it needed more time to gather materials necessary to complete its Petition. *See* Motion for Enlargement of Time.

29. Debtor also claims that no one will be prejudiced by the enlargement of time. *See id*.

30. Movant believes and avers that Debtor has not asked for the enlargement of time in good faith nor did either Debtor or Esmark have authority to file the bankruptcy petition.

11372296.1

31. Specifically, Movant believes Debtor's action continue a course of action simply meant to harm to Movant and the defendants in the State Court Action because Debtor and Esmark:

    a. filed action in May of 2019 alleging claims involving the financial condition of Debtor and should have had a basis to do so, which would have included accurate financial information for Debtor;

    b. failed to provide complete financial books and records to the Receiver in the State Court Action despite a court order to do so;

    c. upon information and belief, informed the Receiver that it could not produce financial records as Esmark had failed to post financial information to Debtor's financial records;

    d. claim and accepted a fee of $2000 per month for accounting services, while alleging that it could not comply with the Receiver Order because it had not completed the accounting services for which it purportedly charged Debtor, and as such did not have financial records to provide the Receiver;

    e. claim and accepted a $1000 per month management fee, for itself or a related Esmark entity, while alleging that it could not comply with the Receiver Order because it had not completed the accounting services for which it purportedly charged Debtor;

    f. moved and/or distributed funds to the majority member of Debtor, an entity for which there were purportedly accounting records for the alleged purpose of utilizing electronic payment capabilities (despite the fact that these capabilities were already set up and functional for the Debtor's operating account), but failing to provide timely records to the Receiver and accounting for those funds distributed to Esmark;

    g. providing AR Aging records, AP Aging records, Financial Statements including a Balance Sheet, Income Statements, Statement of Cash Flow and Statement of Changes in Members Equity, Summary of Transfers March of 2019 through September 2019, Transfer and Subsequent Payment out of Esmark Realty for August and September of 2019, yet claiming the need for additional time to complete the bankruptcy petition for Debtor;

    h. repeatedly failed to identify or provide through its pleadings or to the Receiver, after requested to do so, information as to what the basis is for their claims regarding any actions by Movant and

defendants in the State Court Action to the financial condition of Debtor, despite filing verified pleadings in the State Court Action.

32. Rather, despite months of ongoing litigation, meetings and efforts by Movant and the Receiver to obtain financial records, Debtor and its majority member, Esmark, have simply taken to delay the parties in addressing the dissolution of Debtor, the accounting of the financial condition of Debtor and the ongoing disputes between the members of Debtor.

33. Debtor's request for the enlargement of time is questionable at best and suggests that either Debtor was not candid with the Court in its motion for enlargement of time or Debtor has provided Movant with mis-information on the financial condition of the Debtor. Otherwise, if Debtor believes the Financial Records and Statements provide on October 11, 2019 are accurate, then Debtor appears to have had sufficient information to complete its Petition.

34. Prejudice is occurring as a result of Debtor's request because creditors continue to seek payment without being notified of the bankruptcy which Debtor delays through its request. Unfortunately, because of Debtor's delay tactics, both previously in the State Court Action and in this matter, Movant is left to respond to creditor's request for payment and is left with the task of notifying creditors of the pending bankruptcy. However, Movant cannot provide any credible information to creditors as it is not the party who caused Debtor to file for bankruptcy nor has no ability to move the bankruptcy forward. Notice should have been timely sent to creditors and not placed as a burden on Movant or Mark Handlovitch.

35. Debtor and Esmark have damaged Movant's and Mark Handlovitch's business reputation and appear content to continue to do so through the continued delays in this matter.

36. Moreover, the Receiver was appointed to control the Debtor and yet, despite a court order relieving it of authority to do so, Esmark, in an apparent effort to avoid answering to the State Court for its actions in delaying the production of financial records, which would have

allowed the Receiver to determine whether he could be paid by Debtor and coming to an agreement on payment of the Receiver's fees should funds not be sufficient in Debtor's account, filed for bankruptcy for the Debtor.

37. At that time, Debtor and/or Esmark, again without authority to do so and without filing the appropriate motion in the State Court Action, cut off access to the accounting records for the Receiver.

38. While the State Court Action cannot deny Debtor the right to file for bankruptcy, a State Court can determine who has the authority to file a bankruptcy petition through an order appointing a receiver. *See In re Sino Clean Energy, Inc*., 901 F.3d 1139 (9th Cir. 2018)(holding that state law dictates who may file a bankruptcy petition on behalf of a debtor company). This is well-settled law as the United States Supreme Court in *Price v. Gurney*, 324 U.S. 100, 106 (1945), held:

> [b]ut nowhere is there any indication that Congress bestowed on the bankruptcy court jurisdiction to determine that those who in fact do not have the authority to speak for the corporation as a matter of local law are entitled to be given such authority and therefore should be empowered to file a petition on behalf of the corporation. Respondents may have a meritorious case for relief. On that we intimate no opinion. But if they are to be allowed to put their corporation into bankruptcy, they must present credentials to the bankruptcy court showing their authority.

Further, the Court in *Price* held:

> [i]f the District Court finds that those who purport to act on behalf of the corporation have not been granted authority by local law to institute the proceedings, it has no alternative but to dismiss the petition.

*See id*. Also see *In re Monroe Heights Development Corporation, Inc*., 217 WL 370185 (Bankr. W.D. PA. 2017) (holding that state court appointed receiver vested with the power to control corporation was the party with authority to file for bankruptcy and dismissal of bankruptcy was

correct where shareholders lacked authority based upon order appointing receiver and where there was no evidence that the receiver had been derelict in its duties or precluded debtor corporation access to the bankruptcy court).

39. In this instance, the Receiver Order clearly and unequivocally vested the Receiver, and only the Receiver, with the authority to make a determination of whether bankruptcy is an appropriate action for Debtor. The Receiver Order unequivocally relieved the members, accountants, agents, etc. of their power to act on behalf of Debtor and vested that power with the Receiver. *See* Receiver Order at ¶5.

40. Likewise, because only the Receiver had authority to file bankruptcy petition for Debtor, only the Receiver has authority to complete the petition or take other action with respect to Debtor. As such, to allow the completion of the petition by anyone other than the Receiver to continue would continue the unauthorized filing of the bankruptcy.

41. Rather than using company funds to pay the Receiver to gather the necessary financial information and address the financial condition of Debtor, Esmark caused the payment of fees to counsel for Debtor in this matter and incurred liabilities for attorneys' fees, court costs and other associated costs that it had no authority to do so.

42. Moreover, as was the case in *In re Monroe Heights Development Corporation, Inc.*, *supra*, there is no evidence that the Receiver was derelict in his duties or is preventing Debtor from access to the bankruptcy court. Rather, through its continued delay tactics and failure to provide access to financial information, Debtor and Esmark are hindering the Receiver's ability to complete his duties.

43. Further, even if Debtor or Esmark believed it had authority to file a Chapter 7 bankruptcy petition for Debtor despite the Receiver Order, at no time did Debtor ever notice or

call a meeting of the board of directors to vote for such action or otherwise provide notice to Movant or the Receiver.

44. Since the filing of the bankruptcy petition for Debtor, the Receiver has indicated that he is not in a position to determine the financial condition of the Debtor and has no basis to ensure payment for his services due to the bankruptcy filing. *See* Status Report – Exhibit C.

45. Because the Receiver feels he cannot take further action as he is uncertain of payment for his services and because Movant is being prejudiced by the ongoing and constant pattern of delay and circumvention by Debtor and Esmark, Movant has filed this Motion to Dismiss to obtain the dismissal of the bankruptcy because the Receiver Order clearly prohibits anyone but the appointed Receiver from acting on behalf of Debtor.

46. Additionally, Movant seeks an end to the endless delay and circumvention of Debtor and Esmark in providing accurate financial information for Debtor and accounting for distributions to Esmark by Debtor under the guise of operating Debtor by Esmark.

47. Alternatively, and under the Court's equitable powers, Movant seeks an order retaining and employing the Receiver to obtain the necessary financial information and completing the petition for Debtor in this matter as he is the only individual authorized under state law to act on behalf of Debtor.

WHEREFORE, Movant Handlovitch Enterprises, LLC respectfully requests that this Honorable Court dismiss the bankruptcy petition of Debtor as it was filed by a person or entity lacking authority to do so on behalf of Debtor under Pennsylvania Law.  Alternatively, Movant respectfully requests that this Court enter an order authorizing the Receiver for Debtor, Peter Mendes, to complete the petition and providing for payment of the Receiver within the bankruptcy.

**Respectfully submitted,**

**BOWLES RICE, LLP**

*/s/ Sharon Menchyk*_____
Sharon Menchyk, Esquire
PA I.D. 85559
Michael Proctor, Esquire
PA I.D. 311040
1800 Main Street
Suite 200
Canonsburg, PA 15317
724-514-8915
Counsel for Movant, Handlovitch Enterprises, LLC