IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| ADVANCED REALTORS, LLC and ESMARK REALTY, LLC, | CIVIL DIVISION |
| Plaintiffs, | Case No. GD 19-007667 |
| v. | |
| HANDLOVITCH ENTERPRISES, LLC, MARK HANDLOVITCH, PATRICIA HANDLOVITCH and SHARPP DATA MANAGEMENT, LLC, | **EMERGENCY PETITION FOR THE APPOINTMENT OF A RECEIVER** |
| Defendants. | Filed on Behalf of Petitioners Handlovitch Enterprises, LLC and Mark Handlovitch |
| HANDLOVITCH ENTERPRISES, LLC, and MARK HANDLOVITCH, | Counsel of Record for this Party: |
| Petitioners, | Sharon M. Menchyk, Esquire Pa. I.D. No. 85559 |
| v. | **BOWLES RICE, LLP** 1800 Main Street Suite 200 Canonsburg, PA 15317 724-514-8915 smenchyk@bowlesrice.com |
| ADVANCED REALTORS, LLC and ESMARK REALTY, LLC, | |
| Respondents. | |

**Notice to Plead**

To:    Respondents/Plaintiffs

You must responsively plead to the within Petition within twenty (20) days after service hereof or a default judgment may be taken against you.

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| ADVANCED REALTORS, LLC and ESMARK REALTY, LLC, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) GD 19-007667 |
| HANDLOVITCH ENTERPRISES, LLC, MARK HANDLOVITCH, PATRICIA HANDLOVITCH and SHARPP DATA MANAGEMENT, LLC, | ) ) ) ) ) |
| Defendants. | ) ) |
| HANDLOVITCH ENTERPRISES, LLC and MARK HANDLOVITCH, | ) ) ) |
| Petitioners, | ) ) |
| v. | ) ) ) |
| ADVANCED REALTORS, LLC and ESMARK REALTY, LLC, | ) ) ) |
| Respondents. | ) |

## EMERGENCY PETITION FOR THE APPOINTMENT OF A RECEIVER

AND NOW come Petitioners Handlovitch Enterprises, LLC and Mark Handlovitch (collectively "Petitioners"), by and through their undersigned counsel and files the within Emergency Petition for the Appointment of a Receiver as follows:

1. Plaintiffs/Respondents Advanced Realtors, LLC ("Advanced") and Esmark Realty LLC ("Esmark") (collectively "Respondents") filed their Complaint on May 27, 2019 alleging claims arising out of a dispute between the members of Advanced.

2. On or about June 27, 2019, Defendants, including Petitioners and Patricia Handlovitch and Sharpp Data Management, LLC, filed their Preliminary Objections to the Complaint. In

response to the Preliminary objections, on August 26, 2019, Respondents served an Amended Complaint which appears to generally allege the same facts and claims as the Complaint.

3.    On or about July 30, 2019, the parties held a meeting to discuss a resolution of Respondents' claims as well as the claims of Petitioners which will be filed once Defendants respond to the Amended Complaint, either through preliminary objections or an answer.

4.    At the settlement meeting, the parties discussed a variety of options including the dissolution of Advanced which was generally agreed to by the parties as the option to separate and address the business issues and claims.

5.    Another issue discussed at the settlement meeting were the leases for the properties utilized by Advanced for its operations and potentially terminating those leases and specifically the lease for the Robinson location which is in the name of Handlovitch Enterprises and is guaranteed personally by Mark Handlovitch.

6.    After some discussion, it appeared that no business reason existed as to why the lease for the Robinson office was in a member's name, *i.e.* Handlovitch Enterprises LLC, when the office space was utilized by Advanced for Advanced's business purposes.  During the discussion of the lease, Respondents never disclosed that Advanced had failed to pay the rent to the landlord for months when Advanced promised to pay all rent due under the lease when the lease was executed and had been doing so since the inception of the lease.  The issue of addressing the obligations of the parties for the lease upon dissolution was left as an open item for further discussion.

7.    The settlement meeting ended when Plaintiffs refused to even discuss the non-competition agreement and the effect of that agreement during the time-period between ceasing operations and the completion of the dissolution of Advanced.

8. Following the settlement meeting, on or about Friday, August 9, 2019, Petitioners received a notice of a "Special Meeting of the Board of Directors" for Advanced scheduled for Monday, August 12, 2019 at 3:00 p.m. A copy of the Notice is attached hereto as Exhibit A.

9. Nothing within the notice indicated that any counsel for any of the members would be invited or present at the August 12th meeting. *See* Exhibit A.

10. Prior requests by Respondents to have counsel present at prior board meetings were denied with John Edson advising that none of the members of the Board of Directors nor members of Advanced could or would have outside counsel present at the meetings. *See* Email correspondence dated May 23, 2019 from John Edson attached as Exhibit B.

11. No notice of the August 12th meeting was provided directly to Petitioners' counsel and neither John Edson or Respondents' counsel in this matter contacted Petitioners' counsel to advise as to who would be present at the meeting nor indicated that either Petitioners' counsel or Respondents' counsel would be invited or allowed to attend.

12. Based upon John Edson's prior communications regarding outside counsel being barred from attending the meetings and the lack of notice that Respondents' counsel would be present, Petitioners believed that the meeting was to be a board meeting between the board members only.

13. After inquiry as to what issues were to be discussed at the August 12th meeting, Petitioners were advised that the purpose of the meeting was to discuss and vote upon the dissolution of Advanced. *See* Emails from John Edson attached hereto as Exhibit C. Nowhere in the communications did Mr. Edson advise Petitioners that Respondents' counsel in this matter would be present or that Petitioners' counsel was invited to attend the meeting. *See id.*

14.  Again based upon past practice and the communications from John Edson, Petitioners believed the meeting was an attempt by the parties themselves, without counsel, to try and resolve the issues between the parties including the dissolution of Advanced which had previously been discussed at the settlement meeting.

15.  Mark Handlovitch attended the August 12, 2019 board meeting via conference call and was advised at the start of the meeting by John Edson that John Edson and Randy Stanton were present at the meeting and James Bouchard was attending via conference call.  No one else was identified by John Edson as being at the meeting either in person or via conference call.

16.  During the meeting, the dissolution of Advanced was discussed and voted on by the board with a unanimous vote to dissolve Advanced.  John Edson then stated that Mr. Stanton and Esmark would put something together regarding winding down Advanced.

17.  When Mark Handlovitch asked if the information regarding winding down Advanced would be sent to the parties' attorneys, another voice in the background came over the phone connection and said it was a "corporate matter."  When Mark Handlovitch inquired as to who was speaking, John Amato, counsel for Respondents in this matter, identified himself.

18.  At that point, Mark Handlovitch promptly ended the call and his participation in the board meeting as it appeared that counsel, representing Esmark in this matter, was attending the meeting and Mr. Handlovitch was unrepresented at the meeting.

19. Since the August 12, 2019 meeting, Mr. Handlovitch nor Petitioners' counsel received any additional information regarding a plan to dissolve the corporation or a valid explanation as to why Respondents' counsel was at the board meeting without notice to Petitioners or Petitioners' counsel, why issues which were specifically discussed at the parties' settlement meeting were discussed without notice to Petitioners' counsel when Respondents' counsel attended and

participated in the board meeting and why Respondents' counsel's appearance at the meeting was not disclosed prior to the meeting or at the start of the meeting to Mr. Handlovitch.

20.   Respondents' corporate counsel and counsel in this matter appear to have acted to discuss one of the very issues in dispute in this matter, *i.e.* the continued operation of Advanced without affording Petitioners the right to have their counsel present.

21.   In the spring of 2019, Respondents decided to take complete control over the financial books and records of Advanced and directed Petitioners that Respondents would control the bank accounts and would be responsible for payment of Advanced's obligations.

22.   While Petitioners offered to go to the bank to have the signatory cards for the accounts changed to allow Respondents access to the accounts, Respondents failed to complete that action with Petitioners.

23.   Respondents are aware that Petitioners gained access to the accounts but are unaware of how that occurred without Petitioners' signatures for the switch for control of the accounts.

24.   Despite the actions of Respondents arbitrary decision to exclude Petitioners from the operations of Advanced, Petitioners continued to conduct business and continued to try and operate real estate sales and property management for Advanced.

25.   In the Spring of 2019, Advanced stopped paying commissions and salary out of Advanced's accounts and started paying the agents, employees and Mark Handlovitch directly from Esmark.  No explanation, warning or choice was provided to agents, employees or Mark Handlovitch as to the change in their employer.  There was no explanation provided as to how the work that was being completed for Advanced was paid through Esmark or why Esmark had control of Advanced's funds in its own accounts.

26.   Upon information and belief, Esmark deducts certain amounts from commission payments due to agents which are to be remitted to ReMAX on the agents behalf but fails to pay ReMAX those amounts deducted from the commissions.

27.   Respondents' actions appear to indicate that Esmark is taking funds belonging to Advanced and maintaining those funds in Esmark's own accounts.

28.   Further, from the Spring of 2019 through the present, Petitioners have become increasingly aware of Respondents' failure to timely pay invoices when due and failure to pay some charges, including rent, at all.

29.   For example, on August 19, 2019, Petitioners received notice from Zamaigas Properties regarding a default in the payment of rent.  A copy of the notice is attached hereto as Exhibit D.

30.   The notice was forwarded to John Edson and Advanced, but to date no response has been received.

31.   Petitioners have until August 29, 2019 to address the default or will face further action from the landlord.

32.   When Petitioners were advised to execute the Lease for the Robison Office by John Edson it was done so with the promise that Advanced would pay the rent as the space is utilized by Advanced Realty for Advanced's operations and that Petitioners would not be responsible for payment the rent.

33.   Without payment of rent by Advanced in a timely manner and further action by the landlord, Advanced will no longer have an office to operate from and will not be able to complete pending transactions.

34.  The closing of the office would require notice to be given to the Pennsylvania Real Estate Commission in order to transfer pending transactions to another broker or otherwise complete transactions prior to closing the office.

35.  Moreover, without immediate action to correct the default, Petitioners will suffer harm to their credit and business reputations and potentially Mark Handlovitch may have adverse action taken against his license if the office were to close suddenly due to Advanced's failure to pay rent.

36.  Additionally, the notice received on August 19, 2019 from the landlord states that rent has not been paid for months.  Yet, despite numerous conversations between counsel as well as discussions at the recent settlement meeting including specific discussions regarding the lease and whether Advanced was current on its obligations, neither Respondents nor Respondents' counsel notified Petitioners or Petitioners' counsel of its failure to pay rent for months.

37.  Similarly, on August 27/28, 2019, statements and emails were sent from Trib Total Media to Petitioners indicating past due amounts totaling $3,170.00 were owed for advertising for Advanced.  *See* Invoices and Email attached hereto as Exhibit E.  Further, Christine Welker of Trib Total Media informed Petitioners via email that unless the past due amounts for June 2019 advertising totaling $1,575.00 were paid in full, Trib Total Media would not run any ads for Advanced in September.  *See id.*

38.  Furthermore, despite requests for copies of the books and records by Petitioners, as provided for under Section 7.4(b) of the Operating Agreement, Respondents have repeated failed and/or refused to provide any financial information to Petitioners.  As such, Petitioners were completely unaware that Advanced failed and/or refused to pay rent for the Robinson office.

39.  Likewise, despite numerous requests for copies of minutes of board meetings, Respondents have failed and/or refused to provide copies to Petitioners.

40.  Based upon the actions and the failures to act on the part of Advanced, the failure to timely pay expenses and the need for immediate action as to the Robinson office lease which could cause severe impacts for Advanced's agents and clients and potential impacts to Petitioners credit reputation and real estate licenses, Petitioners seek to have a receiver appointed to take immediate control of Advanced in order to protect Advanced's agents and clients and protect Petitioners from harm from Respondents' bad acts.   Additionally, the receiver is necessary to have Advanced properly wound down and dissolved.

41.  Advanced Relators LLC is a Delaware limited liability company for which the equitable right to the appointment of a receiver is available.

42.  The Delaware Chancery Court held that a receiver can be appointed for a limited liability company under a court's general equitable powers.  See *Ross Holding and Management Co. v. Advance Realty Group LLC,* C.A. No. 4113-VCN (Del. Ch. Sept. 2, 2010).

43.  Further, the Court held:

> [c]onsequently, a court may utilize its equitable powers to appoint a receiver only "when fraud and gross mismanagement by corporate officers, causing real imminent danger of great loss, clearly appears, and cannot be otherwise prevented." Moreover, "a receiver will never be appointed except under special circumstances of great exigency and when some real beneficial purpose will be served thereby."

*Id.*

44.  Equity calls for the appointment in this matter as there is gross mismanagement of Advanced which is causing a real imminent danger of great loss and is not likely to be prevented otherwise.  Specifically, without the appointment of a receiver, Advanced may lose its office at in Robinson and be unable to properly complete transactions, service its clients and pay its agents. These actions could lead to significant consequences from the Pennsylvania Real Estate Commission which specifically requires Advanced to have that office.

45.   Moreover, due to the immediate need to address the issue with the lease for the Robinson office, there is great exigency and the appointment will provide a real beneficial purpose not only to the members of Advanced but also the clients, agents and employees of Advanced who will suffer otherwise due to the oppressive conduct and mismanagement of Advanced.

46.   The appointment of a receiver will not cause harm to any parties as the parties all agree that Advanced must be dissolved and such appointment will allow the receiver to: 1) protect the interests of the clients, agents and creditors until the dissolution can be accomplished; 2) provide an orderly and effective dissolution of Advanced; and 3) provide all parties with a clear understanding of Advanced's financial status including addressing issues regarding expenses and income which the parties have or will raise as claims in this matter.

47.   Based upon the gross mismanagement of Advanced Realty by Respondents, the consistent bad acts and oppressive actions of Respondents toward Petitioners and Advanced's clients, agents and creditors and the potential immediate harm that can occur, the immediate appointment of a receiver is necessary.

48. Likewise, without the appointment of a receiver, it is likely that Esmark will continue to take funds belonging to Advanced without a right to do so and avoid payments to its members, employees, agents and creditors.

49.   Petitioners propose Bryan F. DiLucente, CPA/CFF of the LitCon Group as a receiver in this matter based upon his experience and because he has no relationship with any of the parties to this matter and as such, can serve as a disinterested party to effectively manage and eventually dissolve Advanced for the benefit of the members, agents, employees, clients and creditors of Advanced.  A copy of Mr. DiLucente's CV is attached hereto as Exhibit E.

WHEREFORE, Petitioners Handlovitch Enterprises, LLC and Mark Handlovitch respectfully request that their Petition for the Appointment of a Receiver be granted and that Bryan F. DiLucente be appointed as a receiver in this matter.

.

Respectfully submitted,

**BOWLES RICE, LLP**

Sharon Menchyk, Esquire
Pa. I.D. No. 85559
Counsel for Petitioners Handlovitch Enterprises, LLC and Mark Handlovitch

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Emergency Petition to Appoint Receiver** was served this 28 day of **August 2019**, upon the following, via email and U.S. Mail.


Zane A. Madden, Esquire
Amato Start & Associates
601 Broad Street
Sewickley, PA 15143
zmadden@sewickleylaw.com
(Counsel for Respondents/Plaintiffs)

## VERIFICATION

I, Mark Handlovitch, hereby verify that: I am authorized to execute this Verification on behalf of Handlovitch Enterprises, LLC and myself; I have reviewed the attached document; that said pleading is based upon facts of which I have personal knowledge; that the language of that document is that of counsel and not my own; and the averments of fact contained therein are true and correct to the best of my knowledge, or information and belief.

I understand that the statements made herein are subject to the penalties of 18 Pa.C.S.A. § 4904, relating to unsworn falsification to authorities.

Mark Handlovitch

11223715.1

## **CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than-non-confidential information and documents.

Signature: _____

Name: Sharon M. Menchyk, Esquire

Attorney No. (if applicable): 85559

Counsel for Petitioners/Defendants

# Exhibit A

Via Fedex and
US Mail

## NOTICE OF SPECIAL MEETING OF BOARD OF DIRECTORS

TO: ALL DIRECTORS OF ADVANCED REALTORS, LLC – James P. Bouchard, Randy P. Stanton and Mark Handlovitch.

Upon the request of Esmark Realty, LLC, a Delaware limited liability company and member of Advanced Realtors, LLC ("Company"), notice is hereby given that a special meeting of the board of the directors of the Company is to be held at 3:00 p.m. on Monday August 12, 2019, at the office of the Company, 100 Hazel Lane, Suite 300, Sewickley, PA 15143.

Esmark Realty, LLC

By: _____

Randy P. Stanton, Manager

August 8, 2019

Exhibit B

**From:** John Edson <john@johnedsonlaw.com>
**Sent:** Thursday, May 23, 2019 2:00 PM
**To:** Mark Handlovitch <mark@markhandlovitch.com>
**Cc:** John Prorok <jhp@mbm-law.net>; randy.stanton@esmark.com
**Subject:** Re: Board Meeting

Where is your authority to allow John to participate? If you can't demonstrate that he is entitled to do so, he may not attend.

_____

John J. Edson
Attorney at Law
100 Hazel Lane, Suite 300
Sewickley, PA 15143

(412) 259-8868
john@johnedsonlaw.com

·

_____

**From:** Mark Handlovitch <mark@markhandlovitch.com>
**Sent:** Thursday, May 23, 2019 1:54:43 PM
**To:** John Edson
**Cc:** John Prorok; randy.stanton@esmark.com
**Subject:** RE: Board Meeting

There is no time limit in which I need to contact you of my intentions when you do not send the notice to me personally. I received it at 7:30pm when I arrived home to find the letter. If you would like to have the meeting then I will be represented.

**Respectfully,**

1



**Mark Handlovitch CRS, ABR**
markhandlovitch.me

**From:** John Edson <john@johnedsonlaw.com>
**Sent:** Thursday, May 23, 2019 1:51 PM
**To:** Mark Handlovitch <mark@markhandlovitch.com>
**Cc:** John Prorok <jhp@mbm-law.net>; randy.stanton@esmark.com
**Subject:** RE: Board Meeting
**Importance:** High

Your notice was delivered to your notice address at 10:30 AM or so yesterday in accordance with the operating agreement. Moreover, I haven't heard anything from you until the last hour or so on your intentions as to whether you planned on attending.
That said, where in the operating agreement does it permit you, as a director, to be represented by counsel at a board meeting? Esmark Realty will not be represented.

---

John J. Edson
Attorney at Law
100 Hazel Lane, Suite 300
Sewickley, PA 15143

(412) 259-8868
john@johnedsonlaw.com

**From:** Mark Handlovitch <mark@markhandlovitch.com>
**Sent:** Thursday, May 23, 2019 1:47 PM
**To:** John Edson <john@johnedsonlaw.com>
**Cc:** John Prorok <jhp@mbm-law.net>
**Subject:** RE: Board Meeting

John,
The fact that you have an unauthorized board meeting since I did not receive proper notification is enough to have it terminated.

**Respectfully,**



**Mark Handlovitch CRS, ABR**
markhandlovitch.me

**From:** John Edson <john@johnedsonlaw.com>
**Sent:** Thursday, May 23, 2019 1:45 PM
**To:** Mark Handlovitch <mark@markhandlovitch.com>

2

**Subject:** RE: Board Meeting
**Importance:** High

Let me know what section allows for that so I can confirm your position. Thanks.

John J. Edson
Attorney at Law
100 Hazel Lane, Suite 300
Sewickley, PA 15143

(412) 259-8868
john@johnedsonlaw.com

**From:** Mark Handlovitch <mark@markhandlovitch.com>
**Sent:** Thursday, May 23, 2019 1:44 PM
**To:** John Edson <john@johnedsonlaw.com>; Randy Stanton <randy.stanton@esmark.com>
**Cc:** John Prorok <jhp@mbm-law.net>
**Subject:** RE: Board Meeting

John,
The bylaws allow me to have representation.

**Respectfully,**



**Mark Handlovitch CRS, ABR**
markhandlovitch.me

**From:** John Edson <john@johnedsonlaw.com>
**Sent:** Thursday, May 23, 2019 1:41 PM
**To:** Randy Stanton <randy.stanton@esmark.com>; Mark Handlovitch <mark@markhandlovitch.com>
**Subject:** RE: Board Meeting
**Importance:** High

Mark,
This is a board meeting for Advanced Realtors, LLC's directors. John Prorok is not welcome to attend.
Talk to you at 2:00.
Thanks.
John

John J. Edson
Attorney at Law
100 Hazel Lane, Suite 300
Sewickley, PA 15143

(412) 259-8868
john@johnedsonlaw.com

**From:** Randy Stanton <randy.stanton@esmark.com>
**Sent:** Thursday, May 23, 2019 1:25 PM
**To:** 'Mark Handlovitch' <mark@markhandlovitch.com>; John Edson <john@johnedsonlaw.com>
**Subject:** RE: Board Meeting

Mark and John
        Conference call in number is 1-888-363-4735
Access code is 3465131 followed by #

Thanks
Randy

---

**From:** Mark Handlovitch [mailto:mark@markhandlovitch.com]
**Sent:** Thursday, May 23, 2019 12:56 PM
**To:** John Edson; Randy Stanton
**Cc:** John Prorok
**Subject:** Board Meeting
**Importance:** High

John,
I received the notice about the board meeting last night at 7:30pm and unfortunately am unable to personally attend the meeting. Please email John and I the conference call in information so we can attend the meeting today.

**Respectfully,**



**Mark Handlovitch CRS, ABR**
markhandlovitch.me

**Exhibit C**

## Sharon Menchyk

| | |
|---|---|
| **From:** | Sharon Menchyk <sharonmenchyk@yahoo.com> |
| **Sent:** | Wednesday, August 28, 2019 10:36 AM |
| **To:** | Sharon Menchyk |
| **Subject:** | Fwd: Meeting number and agenda for 8/12 @ 2pm |

Sharon Menchyk

Begin forwarded message:

> **From:** John Edson <john@johnedsonlaw.com>
> **Date:** August 12, 2019 at 11:01:04 AM EDT
> **To:** Mark Handlovitch <mark@markhandlovitch.com>
> **Cc:** "sharonmenchyk@yahoo.com" <sharonmenchyk@yahoo.com>, "randy.stanton@esmark.com"
> <randy.stanton@esmark.com>
> **Subject: RE: Meeting number and agenda for 8/12 @ 2pm**
>
> No problem. Mark. I saw the subject line and wanted to make sure you knew it is set for 3:00 and not
> 2:00.
> John
>
> ---
>
> John J. Edson
> Attorney at Law
> 100 Hazel Lane, Suite 300
> Sewickley, PA 15143
>
> (412) 259-8868
> john@johnedsonlaw.com
>
> **From:** Mark Handlovitch <mark@markhandlovitch.com>
> **Sent:** Monday, August 12, 2019 11:00 AM
> **To:** John Edson <john@johnedsonlaw.com>
> **Cc:** sharonmenchyk@yahoo.com; randy.stanton@esmark.com
> **Subject:** RE: Meeting number and agenda for 8/12 @ 2pm
>
> John,
> Thank you and sorry, my error on the time. I will be on the call at 3pm.
>
> **Respectfully,**
>
>  **Mark Handlovitch CRS, ABR**
> markhandlovitch.me

**From:** John Edson <john@johnedsonlaw.com>
**Sent:** Monday, August 12, 2019 10:57 AM
**To:** Mark Handlovitch <mark@markhandlovitch.com>
**Cc:** sharonmenchyk@yahoo.com; randy.stanton@esmark.com
**Subject:** RE: Meeting number and agenda for 8/12 @ 2pm
**Importance:** High

Mark,
I spoke with Randy and, although there isn't a formal agenda, the topic is winding down Advanced
Realtors, LLC.
The call-in number is 1-888-363-4735 / Access Code 3465131.
The call is at 3:00 PM, not 2:00 PM.
John

John J. Edson
Attorney at Law
100 Hazel Lane, Suite 300
Sewickley, PA 15143

(412) 259-8868
john@johnedsonlaw.com

**From:** Mark Handlovitch <mark@markhandlovitch.com>
**Sent:** Monday, August 12, 2019 9:36 AM
**To:** John Edson <john@johnedsonlaw.com>
**Cc:** sharonmenchyk@yahoo.com
**Subject:** Meeting number and agenda for 8/12 @ 2pm
**Importance:** High

John,
Please email me a copy of the meeting agenda to review and the conference call-in number for your
"special board meeting" scheduled for today at 2pm.

**Respectfully,**



**Mark Handlovitch CRS, ABR**
markhandlovitch.me

Exhibit D

# ZAMAGIAS
## PROPERTIES

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED
AND VIA EMAIL (MARK@MARKHANDLOVITCH.COM)**

August 19, 2019

ReMax Real Estate
Attn: Mark Handlovitch
204 Glenmore Drive
Moon Twp, PA  15108

**NOTICE OF DEFAULT**

Re:    **ReMax Real Estate, Robinson Town Centre, Pittsburgh, PA; Lease Agreement
between Park Associates LP, as Landlord, and Handlovitch Enterprises, LLC d/b/a
ReMax Real Estate, as Tenant, dated November 12, 2010, as amended (together the
"Lease")**

Dear Tenant:

Please be advised that Rent (as defined in the Lease) and other charges, due and owing in
the total amount of Nine Thousand, One Hundred Twelve and 88/100 Dollars ($9,112.88) remain
unpaid as of this writing. An itemization of the total charges due and owing under the Lease is
set forth on the enclosed detailed aged receivable report. Your failure to timely pay Rent and
other charges due and owing has automatically placed you in *default* under the Lease and you
have ten (10) days from the date of receipt of this notification to cure the default by paying the
$9,112.88 outstanding. Please keep in mind that this amount will increase September 1, 2019, as
that month's Rent payments will be due.

Zamagias Properties, as property manager for Landlord, has a fiduciary duty to collect all
Lease charges on Landlord's behalf. Should you fail to pay the aforementioned monies within
ten (10) days after receipt of this notice, Landlord may exercise any or all of its rights and
remedies under the Lease, at law or in equity.

Accordingly, we strongly recommend that you forward payment in the amount of **Nine
Thousand, One Hundred Twelve and 88/100 Dollars ($9,112.88)** to Park Associates, LP at the
following address:

c/o Zamagias Properties
Accounts Receivable
336 Fourth Avenue
Pittsburgh, PA 15222

**Exhibit E**



**Advertising
Invoice**

Page 1

724-834-1151

622 Cabin Hill Dr., Greensburg, PA 15601

s1.26R1.25

Account - 451916

REMAX ADVANCED/HANDLOVITCH
MARK HANDLOVITCH
1915 PARK MANOR DRIVE
PITTSBURGH, PA 15205

Visit
TribLIVE.com
Western PA's
most visited news website

| DATE | PRODUCT | REFERENCE | DESCRIPTION | QTY | SIZE | AMOUNT |
|------|---------|-----------|-------------|-----|------|--------|
| | | | BALANCE BROUGHT FORWARD | | | 3,283.80 |
| 06/03/2019 | | 758185 | Payment - Thank You | | | -1,339.80 |
| 06/17/2019 | | 780025 | Payment - Thank You | | | -1,944.00 |
| 06/06/2019 | Real Estate ROP | 6692462 | Sewickley Herald ad 37, ORWS | 2 | 1x1 | 369.00 |
| 06/13/2019 | Real Estate ROP | 6693681 | Sewickley Herald ad 37, ORWS | 2 | 1x1 | 369.00 |
| 06/20/2019 | Real Estate ROP | 6695990 | Sewickley Herald ad 37, ORWS | 2 | 1x1 | 369.00 |
| 06/23/2019 | Broadcast | 6657851 | HSSN - Quaker Valley HSSN | 1 | 0 | 99.00 |
| 06/27/2019 | Real Estate ROP | 6698040 | Sewickley Herald ad 37, ORWS | 2 | 1x1 | 369.00 |

| CURRENT AMOUNT | Over 30 Days | Over 60 Days | Over 90 Days | Over 120 Days | AMOUNT DUE |
|----------------|--------------|--------------|--------------|---------------|------------|
| $1,575.00 | $0 | $0 | $0 | $0 | $1,575.00 |

FINANCE CHARGES OF 1.5% PER MONTH      TERMS: Net 25      MAKE CHECKS PAYABLE TO: TRIB TOTAL MEDIA

RETURN THIS PORTION WITH REMITTANCE, PLEASE USE RETURN ENVELOPE OR MAIL TO      622 Cabin Hill Dr, Greensburg PA 15601

| BILLING PERIOD | ACCOUNT NUMBER | ADVERTISER ACCOUNT NAME | DUE DATE |
|----------------|----------------|-------------------------|----------|
| 6/1/2019 TO 6/30/2019 | 451916 | REMAX ADVANCED/HANDLOVITCH | 7/25/2019 |

REMAX ADVANCED/HANDLOVITCH
MARK HANDLOVITCH
1915 PARK MANOR DRIVE
PITTSBURGH, PA 15205

| TOTAL AMOUNT DUE |
|------------------|
| $1,575.00 |
| AMOUNT PAID |

9900000000000000000000004519160000000000000001575003



**Advertising Invoice**

Page 1

622 Cabin Hill Dr., Greensburg, PA 15601

724-834-1151

s1.26R1.25

Account - 451916

REMAX ADVANCED/HANDLOVITCH
MARK HANDLOVITCH
1915 PARK MANOR DRIVE
PITTSBURGH, PA 15205

Visit
TribLIVE.com
Western PA's
most visited news website

| DATE | PRODUCT | REFERENCE | DESCRIPTION | QTY | SIZE | AMOUNT |
|---|---|---|---|---|---|---|
| | | | BALANCE BROUGHT FORWARD | | | 1,575.00 |
| 07/04/2019 | Real Estate ROP | 6699956 | Sewickley Herald ad 37, ORWS | 2 | 1x1 | 374.00 |
| 07/11/2019 | Real Estate ROP | 6701380 | Sewickley Herald ad 37, ORWS | 2 | 1x1 | 374.00 |
| 07/18/2019 | Real Estate ROP | 6703068 | Sewickley Herald ad 37, ORWS | 2 | 1x1 | 374.00 |
| 07/23/2019 | Broadcast | 6657851 | HSSN - Quaker Valley HSSN | 1 | 0 | 99.00 |
| 07/25/2019 | Real Estate ROP | 6704441 | Sewickley Herald ad 37, ORWS | 2 | 1x1 | 374.00 |

| CURRENT AMOUNT | Over 30 Days | Over 60 Days | Over 90 Days | Over 120 Days | AMOUNT DUE |
|---|---|---|---|---|---|
| $1,595.00 | $1,575.00 | $0 | $0 | $0 | $3,170.00 |

FINANCE CHARGES OF 1.5% PER MONTH      TERMS: Net 25      MAKE CHECKS PAYABLE TO: TRIB TOTAL MEDIA

RETURN THIS PORTION WITH REMITTANCE, PLEASE USE RETURN ENVELOPE OR MAIL TO      622 Cabin Hill Dr, Greensburg PA 15601

| BILLING PERIOD | ACCOUNT NUMBER | ADVERTISER ACCOUNT NAME | DUE DATE |
|---|---|---|---|
| 7/1/2019 TO 7/31/2019 | 451916 | REMAX ADVANCED/HANDLOVITCH | 8/25/2019 |

REMAX ADVANCED/HANDLOVITCH
MARK HANDLOVITCH
1915 PARK MANOR DRIVE
PITTSBURGH, PA 15205

| TOTAL AMOUNT DUE |
|---|
| $3,170.00 |
| AMOUNT PAID |
| |

990000000000000000000000451916000000000000000000003170008

From: "Christine Welker" <cwelker@tribweb.com>
Date: Wed, Aug 28, 2019 at 9:59 AM -0400
Subject: FW: Payment
To: "Mark Handlovitch" <mark@markhandlovitch.com>

Case 19-23873-CMB   Doc 14-1   Filed 10/25/19   Entered 10/25/19 14:10:38   Desc
Exhibit A   Page 30 of 35

Good Morning!  I attached your invoices.  You can call Linda at **412-980-0812** .  Thank you.

# Christine Welker

**Trib Total Media**
**Senior Multimedia Advertising Consultant**
**Office:  412.349.1401**
**Cell:  412.558.3992**

---

**From:** Debbie Hamer
**Sent:** Wednesday, August 28, 2019 9:38 AM
**To:** Christine Welker
**Subject:** RE: Payment


Debbie
*Advertising Support Representative*

## TRIBUNE·REVIEW

1

Trib Total Media
622 Cabin Hill Drive
Greensburg, PA 15601
O:  412-349-1427
Fax: 724-838-5181

---

**From:** Christine Welker
**Sent:** Tuesday, August 27, 2019 5:21 PM
**To:** Debbie Hamer
**Subject:** FW: Payment

See below

# Christine Welker

**Trib Total Media**
**Senior Multimedia Advertising Consultant**
**Office:  412.349.1401**
**Cell:  412.558.3992**

---

**From:** Mark Handlovitch [mailto:mark@markhandlovitch.com]
**Sent:** Tuesday, August 27, 2019 5:12 PM
**To:** Christine Welker
**Subject:** Re: Payment

Would you please email me a statement?

Respectfully,
Mark Handlovitch CRS
REMAX
412.200.5763 ext.201
Broker/Owner

On Tue, Aug 27, 2019 at 4:42 PM -0400, "Christine Welker" <cwelker@tribweb.com> wrote:

Hi Mark,
My accounting department just reached out to me and needs you to call them to please make a payment.  Last payment was received on 6/17/19.

They said they need $1575.00 to run anything in September.  Please call them or let me know if I can help in any way, thanks so much.

# Christine Welker

**Trib Total Media**
**Senior Multimedia Advertising Consultant**
**Office:  412.349.1401**
**Cell:  412.558.3992**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| ADVANCED REALTORS, LLC and ESMARK REALTY, LLC, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | GD 19-007667 |
| HANDLOVITCH ENTERPRISES, LLC, MARK HANDLOVITCH, PATRICIA HANDLOVITCH and SHARPP DATA MANAGEMENT, LLC, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| HANDLOVITCH ENTERPRISES, LLC and MARK HANDLOVITCH, | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | |
| ADVANCED REALTORS, LLC and ESMARK REALTY, LLC, | ) ) ) | |
| Respondents. | ) | |

**ORDER**

AND NOW, this _____ day of _____, 2019, upon consideration of the Petition for the

Appointment of a Receiver, it is hereby ordered that said Petition is Granted and that the

appointment of a Receiver in this action is necessary and appropriate.  It is further ordered that:

1) Bryan F. DiLucente of the LitCon Group is appointed as the receiver ("Receiver") and

is to serve without bond.

2) The Court hereby takes exclusive jurisdiction and possession of the assets of Advanced

Realtors, LLC of whatever kind and wherever situated.

3)  The Receiver shall have all powers, authorities, rights and privileges heretofore

possessed by the members, managers, and directors under applicable state law, operating

agreements, or other agreements of the members, in addition to the powers conferred upon the Receiver herein.

4)   All persons or entities with direct or indirect control over any assets of Advanced Realtors, LLC are hereby restrained and enjoined from directly or indirectly transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of or withdrawing such assets.

5)   The managers, directors, accountants, attorneys and other agents of Advanced Realtors, LLC are hereby dismissed and the powers of any managers, directors, accountants, attorneys and other agents for Advanced Realtors, LLC are hereby suspended.   Such persons shall have no authority except to the extent expressly granted by the Receiver.   The Receiver shall assume and control the operation of Advanced Realtors, LLC.

6)   The Receiver shall have the following power and duties:

a)   To winddown operations of Advanced Realtors, LLC and dissolve Advanced Realtors, LLC;

b)   To determine the nature, location and value of all assets of Advanced Realtors, LLC and to manage, control and maintain said assets until further order of Court;

c)   To take custody, possession and control of all financial and corporate records of Advanced Realtors, LLC;

d)   To use the assets of Advanced Realtors, LLC for the benefit of Advanced Realtors, LLC's clients, agents, and creditors as may be necessary or advisable in the ordinary course of business in discharging his duties as Receiver;

e)   To take any action which, prior to the entry of this Order, could have been taken by the members, directors, accountants, managers or agents of Advanced Realtors, LLC;

f)  To engage and employ persons in the Receiver's reasonable discretion to assist him in carrying out his duties and responsibilities hereunder;

g)  To take such action as necessary and appropriate for the preservation of the property of Advanced Realtors, LLC or to prevent the dissipation or concealment of said property;

h)  To bring such legal actions based on law or equity that the Receiver deems necessary or appropriate in discharging his duties as Receiver or defend such legal actions as necessary and to either continue, resolve or discontinue any pending actions to which Advanced Realtors, LLC is a party;

i)  To undertake a full and complete accounting of Advanced Realtors, LLC's financial records; and

j)  To take such other action as may be approved by the Court.

7)  Within ten (10) days of the entry of this Order, the members, managers, accountants, and attorneys for Advanced Realtors, LLC shall turn over to the Receiver all books, records, statements and documents of Advanced Realtors, LLC, whether in electronic form or hard copy, including all corporate meeting books and financial records.

8)  Within fifteen (15) days of the entry of this Order, Advanced Realtors, LLC, through its majority member, shall serve upon the Receiver and all parties a verified statement 1) identifying all assets of Advanced Realtors, LLC including the identity, estimated value and location (including all account numbers for any bank or financial institution accounts) and 2) identifying all unpaid expenses of Advanced Realtors, LLC and all claims and known potential claims against Advanced Realtors, LLC.

9)  The past and/or present members, managers, accountants, employees, attorneys or directors of Advanced Realtors, LLC shall promptly answer all questions which the Receiver may put to them and shall promptly produce all documents as requested by the Receiver.

10)  The Receiver shall provide status reports to the Court from time to time as requested by the Court, upon completion of the accounting of the financial records of Advanced Realtors, LLC and as deemed necessary by the Receiver.

11) The Receiver shall provide a final accounting and report to the Court upon completion of all action necessary to dissolve Advanced Realtors, LLC.

By the Court:

_____

The Honorable Christine A. Ward