**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

IN RE:

**ADVANCED REALTORS, LLC,**               Bankruptcy No. 19-23873-CMB

      Debtor,                                       Chapter 7

**HANDLOVITCH ENTERPRISES, LLC,**         Doc. No.

      Movant,                                        Related to Doc. No. 14

    vs.                                                 Hearing Date and Time:
                                                          November 6, 2019 at 2:00 pm

**ADVANCED REALTORS, LLC,**

      Respondent.

**RESPONSE TO EMERGENCY MOTION TO DISMISS BANKRUPTCY PETITION OR IN THE ALTERNATIVE, TO RETAIN AND EMPLOY APPOINTED RECEIVER TO COMPLETE BANKRUPTCY PETITION FOR DEBTOR**

AND NOW, comes Advanced Realtors, LLC, the Debtor in the above Chapter 7 Case, by and through its Counsel, Robert O Lampl, John P. Lacher, David L. Fuchs, Ryan J. Cooney and Sy O. Lampl and files this **RESPONSE TO EMERGENCY MOTION TO DISMISS BANKRUPTCY PETITION OR IN THE ALTERNATIVE, TO RETAIN AND EMPLOY APPOINTED RECEIVER TO COMPLETE BANKRUPTY PETITION FOR DEBTOR** as follows:

    1.    Admitted.

    2    Admitted.

    3.    Admitted.

    4.    The averments of this paragraph are denied to the extent that Movant's characterization of the Amended Complaint differs from its plain terms as the Amended Complaint is a written document that speaks for itself.

5. It is admitted that a special board meeting was held and that a vote took place regarding the dissolution of the Debtor. The remainder of this paragraph is denied and strict proof is demanded.

6. It is admitted that certain obligations of the Debtor were not being timely paid. The lack of ability to make certain payments is a fact which supports the within bankruptcy filing. Prior to March of 2019, Sharpp Data Management, LLC, ("Sharpp") an entity owned by the spouse of the Movant's principal, handled all the bookkeeping and some of the accounting for the Debtor. However, Sharpp abruptly and without notice resigned from this role on February 28, 2019, and thus Esmark Realty, LLC ("Esmark") as the majority member of the Debtor took over the bookkeeping and accounting responsibilities. Following Sharpp's resignation, Sharpp failed to provide the Debtor or Esmark with access to its payroll program. As Esmark already had an accounting system in place and due to the necessity to ensure that payroll obligations were met in a timely manner, Esmark began paying the Debtor's expenses and then reimbursing itself from the Debtor. At the time of filing, Esmark was not reimbursed for all payments it had made on behalf of the Debtor.

7. The averments of this paragraph are denied. The Debtor hereby incorporates its response to paragraph 6 herein.

8. Admitted.

9. It is admitted that a Receiver was appointed in the State Court Litigation. It is denied that the Receiver Order ever became effective as the Receiver never posted a bond in contravention of *Pa.R.C.P. 1533(d)* which requires the Receiver to give security

for the faithful performance of his duty. *See, Levin v. Barish*, 481 A.3d 1183, 1189 (Pa. 1984).

10. It is admitted that the quoted language is contained in the Receiver Order. It is denied that the Receiver Order ever became effective as the Receiver never posted a bond in contravention of *Pa.R.C.P. 1533(d)* which requires the Receiver to give security for the faithful performance of his duty. *See, Levin v. Barish*, 481 A.3d 1183, 1189 (Pa. 1984).

11. Movant's characterization of the Receiver Order is denied to the extent that said characterization conflicts with the plain terms of the Receiver Order, which is a written document that speaks for itself.

12. It is admitted that the Receiver's fees are an unresolved issue. The remainder of this paragraph is denied. By way of further response, prior to the within bankruptcy filing, the Receiver filed a Motion for Payment of Fees and Costs Necessary to Comply with the [State] Court's Order and to Extend Deadline for filing Status Report (the "Fee Motion") through which the Receiver sought to bind Esmark and Handlovitch as members of the Debtor to be personally responsible for the Receiver's fees and its counsel fess in the amount of $40,000 plus "additional fees" in an unknown amount. The Fee Motion was not ruled upon prior to the within filing. However, the Fee Motion, which is effectively an unauthorized capital call, is another factor that supports the underlying bankruptcy filing.

13. The averments of this paragraph are denied. Per the Fee Motion, the Receiver expressly acknowledges that it was provided with the Operating Agreement, two (2) lease agreements, as well as access to the Debtor's QuickBooks. These items,

most notably the QuickBooks account, should have been sufficient to allow the Receiver to understand the Debtor's financial wherewithal. It is acknowledged that additional information was requested. However, said information was not provided as a result of the filing of the Fee Motion and the decision to initiate the within bankruptcy case.

14. The averments of this paragraph are denied. By way of further response, the Debtor hereby incorporates its response to paragraph 13.

15. It is admitted that an argument was scheduled for October 4, 2019 in the State Court action. The remainder of this paragraph is denied.

16. It is admitted that the within bankruptcy was initiated on October 3, 2019. The Movant and Receiver were immediately provided notice by the undersigned after the filing.

17. The averments of this paragraph are denied. The bankruptcy was authorized by a majority of the directors per sections 5.2 and 5.9 of the Debtor's Operating Agreement.

18. The averments of this paragraph set forth conclusions of law for which no response is required.

19. The averments of this paragraph set forth conclusions of law for which no response is required.

20. It is admitted that the Receiver's access to the Debtor's QuickBooks account was shut off after the filing. Said files are property of the estate which is overseen by the Chapter 7 Trustee. Additionally, the Debtor did not want the Receiver to incur any additional expenses.

21.     The Debtor is unable to respond in full as "time period" is undefined. It is admitted that Movant was not consulted regarding the bankruptcy prior to the filing. The bankruptcy was authorized by a majority of the directors per sections 5.2 and 5.9 of the Debtor's Operating Agreement.

22.     The averments of this paragraph are both admitted and denied. It is admitted that Judge Ward acknowledged the automatic stay. It is denied that Judge Ward, "advised" the parties to address the issues regarding the authority to file for bankruptcy and any "violation" of the Receiver Order in bankruptcy court. Undersigned Counsel, Ryan J. Cooney, was present at the October 4, 2019 hearing and takes issue with the Movant's characterization of Judge Ward's statements made at the hearing. While Judge Ward said that any challenge to the bankruptcy filing would have to be made in the bankruptcy court, she certainly did not "advise" anyone to make such a challenge. Instead, she strongly suggested that the parties and their counsel meet and confer regarding the bankruptcy filing and the financial status of the Debtor. The undersigned strongly supported such a meeting. Ultimately, the movant made information requests regarding the Debtor's financial position which information requests were complied with. Following the same, Movant's counsel sent the undersigned an email on October 15, 2019, which stated, *inter alia*, that the Movant was <u>*not*</u> going to challenge the bankruptcy filing (emphasis added).

23.     Admitted.

24.     It is denied that Movant "voiced concerns." Movant merely said the documents provided were insufficient. Movant never asked for additional documents or

clarification. Instead, Movant expressly stated that it would not challenge the bankruptcy filing.

25. It is admitted that a Status Report was filed. The remainder of this paragraph is denied to the extent that Movant's characterization of the Status Report differs from its plain terms as the Status Report is a written document that speaks for itself.

26. The remainder of this paragraph is denied to the extent that Movant's characterization of the Status Report differs from its plain terms as the Status Report is a written document that speaks for itself.

27. Admitted. The deadline to complete the Petition has been extended to November 7, 2019.

28. Admitted.

29. Admitted.

30. This paragraph sets forth a conclusion of law for which no response is required. By way of further response, the averments of this paragraph are denied.

31. It is denied that the Debtor is continuing a course of action, "simply meant to harm to Movant." Specifically:

    a. The Debtor, did in fact, have a basis to bring claims against the Movant in the State Court litigation. Those claims are set forth in the First Amended Complaint and include: mismanagement, usurpation of corporate opportunities and conversion of corporate funds.

    b. Denied. As set forth herein, information, including QuickBooks account access, was provided to the Receiver. Additional information was not provided following the decision to file the within bankruptcy case.

    c. Denied. Financial Records were produced as set forth herein. It is acknowledged that Esmark was behind in posting certain transactions to Quickbooks. Esmark has since caught up and has produced updated financial records to the Movant.

    d. Denied. Per the Parties course of dealing, Esmark is entitled to a $2,000.00 a month fee for the accounting and bookkeeping services that it provides to the Debtor. This is the same fee that Sharpp received for the same services prior to its resignation on February 28, 2019. Due to the Debtor's lack of funds, Esmark has not been paid this fee for four (4) months.

    e. Denied. Esmark has always received a $1,000 management fee for the preparation of quarterly and year-end financial statements as well as tax returns on behalf of the Debtor.

    f. Denied. As stated, when Sharpp resigned without notice on February 28, 2019, it failed to provide the Debtor or Esmark with access to its payroll program. Given that Esmark already had a system in place for payroll and accounts payable and due to the necessity of making sure employees were paid in a timely manner, it was more efficient to run the payroll and expenses through Esmark and for Esmark to then be reimbursed by the Debtor. Esmark has provided a complete accounting for the reimbursed funds to the Movant. This accounting reflects that Esmark has not been reimbursed for all funds that it has advanced on behalf of the Debtor.

  g. Denied. The financial records referenced were not provided until Friday October 11, 2019. This did not give the undersigned adequate time to complete the petition which necessitated the Motion for Enlargement.

  h. Denied. Information was provided as set forth herein.

  32. To the extent this paragraph sets forth conclusions of law, no response is required. By way of further response, the averments of this paragraph are denied.

  33. The averments of this paragraph are denied. The Debtor hereby incorporates its response to paragraph 31(g) herein and its averments in the Motion for Enlargement of Time.

  34. The paragraph sets forth conclusions of law for which no response is required. By way of further response, the averments of this paragraph are denied. Additionally, all creditors were noticed regarding the bankruptcy immediately upon filing.

  35. The paragraph sets forth conclusions of law for which no response is required. By way of further response, the averments of this paragraph are denied. The within filing was appropriate based on the pending Fee Motion and the Debtor's financial condition. In fact, it was Mark Handlovitch who caused the Debtor's precarious financial condition. As set forth in the First Amended Complaint in the State Court Litigation, Mark Handlovitch damaged the Debtor through his: mismanagement; usurpation of corporate opportunities; and his conversion of corporate funds for personal use including, "Valentine's Day dinner for two, Netflix monthly expenses, Guitar Center expenses, Handlovitch family dinners and celebrations, and automobile repairs."

36. To the extent the averments of this paragraph set forth conclusions of law, no response is required. By way of further response, records have been provided to the Receiver as set forth herein. Additionally, the bankruptcy filing was authorized by a majority of the Debtor's directors as required by the Operating Agreement. The bankruptcy was filed due to the Debtor's inability to pay its debts as they come due and as a result of the pending Fee Motion, through which the Receiver sought an unauthorized capital call.

37. The averments of this paragraph set forth conclusions of law for which no response is required. By way of further response, the Receiver's access was cut off after the decision to file bankruptcy was made in an effort to avoid further expenses of the Receiver.

38. This paragraph sets forth conclusions of law for which no response is required.

39. This paragraph sets forth conclusions of law for which no response is required. By way of further response, the Debtor and its board did not willingly or expressly waive its right to access the bankruptcy court. There is no controlling authority from the Third Circuit regarding whether or not a company's board can authorize a bankruptcy filing following the appointment of a receiver in state court. *In re Monroe Heights Development Corporation, Inc.*, 2017 Bankr. LEXIS 2355 (Bankr. W.D. PA. 2017). In the *Monroe Heights* case, the Honorable Thomas P. Agresti held that while it is typically only the receiver that can authorize a bankruptcy filing, circumstances could exist where those formerly in control of the debtor could be authorized to file a bankruptcy such as if the receiver was not carrying out its duties in a disinterested

manner or if it became apparent that the state court proceeding resulted in an improper impediment to the corporate debtor's access to the bankruptcy system. *Id.* The Debtor is not in a position at this time to allege that the Receiver was not carrying out his duties in a disinterested manner. Instead, the bankruptcy was initiated because the Debtor was unable to pay its debts. The Debtor was also concerned that any monies paid to the Receiver or its counsel would reduce the amount available to the Debtor's creditors.

Additionally, the analysis in the *Monroe Heights* case may not be applicable to the within case as we are dealing with a Chapter 7 where a Trustee has been appointed as opposed to a Chapter 11.

Finally, the Receiver Order at issue herein has not taken effect as it was entered in contravention of *Pa.R.C.P. 1533(d),* which requires the Receiver to give security for the faithful performance of his duty. *Levin v. Barish*, 481 A.3d 1183, 1189 (Pa. 1984).

40. The averments of this paragraph set forth conclusions of law for which no response is required. By way of further response, the Debtor incorporates its response to paragraph 39. Additionally, employing the Receiver to complete the bankruptcy petition would be an inefficient use of the Debtor's limited resources to the detriment of the estate and its creditors.

41. The averments of this paragraph set forth conclusions of law for which no response it required. By way of further response, it is admitted that the undersigned received a retainer from the Debtor in connection with the bankruptcy filing. The remainder of this paragraph is denied.

42. The averments of this paragraph set forth conclusions of law for which no response is required. By way of further response, the Debtor hereby incorporates response paragraphs 13, 39 and 40.

43. The averments of this paragraph are denied. Notice was immediately provided to all parties in interest after the filing. By way of further response and as stated herein, the bankruptcy filing was authorized by a majority of the directors per sections 5.2 and 5.9 of the Debtor's Operating Agreement. Accordingly, a meeting would have been futile.

44. The averments of this paragraph are denied to the extent that Movant's characterization of the Status Report differs from its plain terms as the Status Report is a written document which speaks for itself. By way of further answer, the Debtor disputes certain averments made in the Status Report.

45. The averments of this paragraph set forth conclusions of law for which no response is required. By way of further response, the Debtor is not in a position to respond to allegations regarding what the Receiver "feels" he is able or unable to do. Additionally, the within Motion was filed after the Movant expressly stated through its Counsel's October 15, 2019 email, that it would not challenge the bankruptcy filing. Finally, the Debtor questions the validity of the alleged "emergency" as this Motion was filed more than three weeks after the bankruptcy was filed.

46. The averments of this paragraph set forth conclusions of law for which no response is required. By way of further response, accurate financial information was provided to Movant as well as a complete accounting for distributions to Esmark.

47. The averments of this paragraph set forth conclusions of law for which no response is required. By way of further response, the Movant's request for an Order should be denied for the reasons set forth herein.

Wherefore, it is respectfully requested that this Honorable Court enter an Order denying the Emergency Motion to Dismiss Bankruptcy Petition or in the Alternative, to Retain and Employ Appointed Receiver to Complete Bankruptcy Petition for Debtor.

Respectfully Submitted,

Date: <u>November 4, 2019</u>

<u>/s/ Robert O Lampl</u>
ROBERT O LAMPL
PA I.D. 19809
JOHN P. LACHER
PA I.D. #62297
DAVID L. FUCHS
PA I.D. #205694
RYAN J. COONEY
PA I.D. #319213
SY O. LAMPL
PA I.D. # 324741
Counsel for the Debtor
223 Fourth Avenue, 4th Floor
Pittsburgh, PA  15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)
Email:  rlampl@lampllaw.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

IN RE:

| | |
|---|---|
| **ADVANCED REALTORS, LLC,** | Bankruptcy No. 19-23873-CMB |
| Debtor, | Chapter 7 |
| **HANDLOVITCH ENTERPRISES, LLC,** | Doc. No. |
| Movant, | Related to Doc. No. 14 |
| vs. | Hearing Date and Time: November 6, 2019 at 2:00 pm |
| **ADVANCED REALTORS, LLC,** | |
| Respondent. | |

**CERTIFICATE OF SERVICE**

Robert O Lampl, John P. Lacher, David L. Fuchs, Ryan J. Cooney and Sy O. Lampl hereby certify, that on the 4th day of November, 2019, a true and correct copy of the foregoing **RESPONSE TO EMERGENCY MOTION TO DISMISS BANKRUPTCY PETITION OR IN THE ALTERNATIVE, TO RETAIN AND EMPLOY APPOINTED RECEIVER TO COMPLETE BANKRUPTY PETITION FOR DEBTOR** was served upon the following *(via electronic service)*:

Natalie Lutz Cardiello
107 Huron Drive
Carnegie, PA 15106

Sharon Menchyk
1800 Main Street
Suite 200
Canonsburg, PA 15317
smenchyk@bowlesrice.com

Date: <u>November 4, 2019</u>   /s/ Robert O Lampl
ROBERT O LAMPL
PA I.D. 19809
JOHN P. LACHER
PA I.D. #62297
DAVID L. FUCHS
PA I.D. #205694
RYAN J. COONEY
PA I.D. #319213
SY O. LAMPL
PA I.D. # 324741
Counsel for the Debtor
223 Fourth Avenue, 4th Floor
Pittsburgh, PA  15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)
Email:  rlampl@lampllaw.com